873 F.2d 1438
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GAMBILL CONSTRUCTION CO, Plaintiff-Appellant,
v.
KFC NATIONAL MANAGEMENT CO., Defendant-Appellee.
 No. 88-1718.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 10, 1989.
Decided: April 11, 1989.
 
 Walter Ray Gambill, for appellant.
 Deborah Shea O'Toole (Cowan & Owen, P.C., on brief), for appellee.
 Before ERVIN, Chief Circuit Judge, CHAPMAN, Circuit Judge, and ROBERT G. DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Gambill Construction Company appeals a protective order issued by the district court preventing plaintiff's attorney and/or representatives from entering defendant's properties located at 6909 Staples Mill Road and 511 East Belt Boulevard, Richmond, Virginia, preventing said persons from contacting the defendant or its employees, and requiring any further contact to be through defendant's counsel. The court's order also directed plaintiff and its counsel to pay defendant's attorney's fees of $500 incurred in obtaining the protective order.
 
 
 2
 The dispute arose out of a suit by the plaintiff to recover for work it had performed in the remodeling and repairing of Kentucky Fried Chicken stores located in Richmond. Following a conference with the attorneys for the parties, the court set a trial date of June 16, 1988 and established May 15, 1988 as the end of discovery. Prior to this cutoff date, the parties had several meetings at the two stores. After the cutoff date, plaintiff's representatives, without permission of defendant or its attorney, insisted on visiting the stores again. Plaintiff's attorney insisted that his client had an absolute right to visit the premises at any time and for any reason, and that if the defendant's attorney did not like it, she should call the police. Plaintiff's representatives made another unauthorized visit to the premises.
 
 
 3
 Rather than call the police, as plaintiff's attorney had suggested, the defendant moved the district court for a protective order to prevent further unauthorized visits. When this motion came on for hearing, plaintiff contended that it was moot because the visit had already taken place and no additional visits were anticipated. Appellant seemed surprised that the district court did not accept this lame excuse. Following a hearing, the judge properly found that the plaintiff and plaintiff's attorney had violated the pretrial discovery order and the Federal Rules of Civil Procedure. Plaintiff's counsel complains of certain language used by the court at the hearing. We have reviewed the transcript of the hearing and find nothing improper about the judge's language or his comments. He was simply trying to get the attorney's attention and advise him of the error of his ways.
 
 
 4
 We find no merit to this appeal and no abuse of discretion by the district court's issuance of the protective order and directing the payment of defendant's attorney's fees.
 
 
 5
 AFFIRMED.